## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | | |
|---|---|---|
| **MALADRIA BROWN**<br>9629 Combs Lane<br>Louisville, Kentucky 40258 | : : : : | Case No:  3:22-cv-7-BJB<br><br>Judge: |
| Plaintiff, | : : | |
| -vs- | : : : | |
| **PHARMACORD LLC**<br>c/o Glenn A. Cohen<br>426 South Fourth Street, Suite 2200<br>Louisville, Kentucky 40205 | : : : : : | |
| Defendant. | : | |

## COMPLAINT WITH JURY DEMAND

Maladria Brown states the following for her Complaint against Pharmacord LLC:

### INTRODUCTION

1. This action arose after Defendant Pharmacord LLC engaged in discriminatory practices against an employee who complained in good faith about its hostile work environment and culture of discrimination. Defendant fosters and environment that discriminates against employees who exercise their rights under the FMLA and Title VII and retaliates against employees who stand up and protests these discriminatory practices.

### PARTIES

2. Plaintiff Maladria Brown ("Ms. Brown" or "Plaintiff") is a resident of Louisville, Kentucky. Ms. Brown is also known as Ms. Hunter-Brown. Plaintiff's claims arose out of an employment relationship with Pharmacord LLC.

3. Pharmacord LLC ("Defendant") is a company registered with the Kentucky Secretary of State doing business in Jefferson County, Kentucky. Defendant employs over 200 employees and engages in interstate commerce.

## JURISDICTION AND VENUE

4. This Court has jurisdiction to hear this case under 28 U.S.C. § 1331 because Ms. Brown asserts claims arising under the Family and Medical Leave Act ("FMLA") and Title VII of the Civil Rights Act of 1964 ("Title VII").

5. Ms. Brown also states claims under the laws of the Commonwealth of Kentucky. These claims are inherently related to the other claims in this case, over which this Court has original jurisdiction, that they are a part of the same case or controversy under Article III of the United States Constitution. Accordingly, this Court has supplemental jurisdiction of these claims under 28 U.S.C. § 1367.

6. Venue is proper in this Court because the transactions and occurrences occurred in Louisville, Kentucky.

7. Ms. Brown timely made a claim with the Equal Employment Opportunity Commission and received a right to sue letter.

8. Ms. Brown has timely filed this action and has complied with all administrative prerequisites to bring this lawsuit.

## BACKGROUND FACTS

9. Ms. Brown is an African American Female.

10. Ms. Brown diligently and competently worked for Defendant for months without incident.

11. Defendant hired Ms. Brown as a benefit specialist.

12. Defendant provided Ms. Brown high performance reviews and accolades.

13. In fact, shortly before her termination, Defendant awarded Ms. Brown as one of the top performers in her department because she was on Defendant's associate leaders board which recognizes high performing associates.

14. However, things took a drastic turn after Ms. Brown complained of racism within her department.

15. One of Ms. Brown's co-workers tagged Ms. Brown as a monkey in a departmental group messaging program.

16. Ms. Brown took strong offence to this photo depicting her as a monkey.

17. After she was tagged as a monkey, Ms. Brown immediately emailed one of Defendant's VPs complaining of harassment and discrimination.

18. Ms. Brown informed this VP that monkeys have been historically used as a racist symbol to disparage African Americans and that she took great offence to it.

19. Ms. Brown made this complaint of harassment in good faith because she reasonably believed that the comment was racist, based on her race, and was offensive.

20. Ms. Brown eventually met with Defendant's HR regarding this monkey incident.

21. Defendant's HR failed to conduct any meaningful investigation into the alleged harassment and discrimination.

22. Instead, Defendant's HR further discriminated against Ms. Brown by comparing her to "adopted kids from Africa."

23. Defendant retaliated against Ms. Brown for making this complaint of harassment and discrimination by moving her to another department and forced her to return from at-home work to in-office work.

24. This was shocking to Ms. Brown, because she was the only worker in her department forced to return to in-office work.

25. Ms. Brown was further discriminated against and retaliated against in her new department.

26. Ms. Brown suffered daily ridicule and harassment.

27. Ms. Brown's new manager reprimanded Ms. Brown for actions and did not reprimand other employees for the same actions.

28. Ms. Brown felt as if she was being targeted because she complained of discrimination.

29. Ms. Brown again sent an email to one of Defendant's VPs complaining of harassment and discrimination.

30. Ms. Brown also informed Defendant's VP that she was pregnant.

31. Ms. Brown also informed Defendant that she had spoken to an attorney regarding its discrimination, retaliation, and harassment.

32. This complaint was met with immediate hostility from Ms. Brown's managers.

33. Indeed, Ms. Brown's managers constantly harassed her after this complaint.

34. Ms. Brown's managers complained about small mistakes Ms. Brown was making that her other non-minority co-workers who had not complained about discrimination and retaliation were making and not getting retaliated against and reprimanded for.

35. Defendant's culture of racism is severe and pervasive.

36. Defendant fostered an environment of racism, for example:

   i. Defendant moved an employee out of Ms. Brown's department because of her accent;

      ii. Ms. Brown's co-workers referred to other co-workers as ghetto; and

      iii. One of Defendant's managers wanted to see how an African American Female's hair would look before she was allowed to take a company photo because this employee claimed that she was going to leave her hair curly.

37. Within weeks of complaining to Defendant's VP about discrimination and retaliation, Defendant terminated Ms. Brown for a bogus reason.

38. Right before Defendant terminated Ms. Brown, she informed Defendant that she was pregnant and would need to take time off for the pregnancy.

39. Thus, within weeks of complaining about discrimination and harassment and within days of informing Defendant that she was pregnant and would need to take pregnancy leave, Defendant terminated Ms. Brown.

40. Ms. Brown suffered damages and will continue to suffer damages in the future because of Defendants actions.

## CLAIMS

### COUNT I
**RACIAL DISCRIMINATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

41. Ms. Brown restates and incorporates all paragraphs.

42. Ms. Brown is an African American female.

43. Ms. Brown was at all times qualified for her position.

44. Defendant's conduct created a hostile work environment based on Ms. Brown's race.

45. In fact, Ms. Brown's manager would constantly berate her and treat her negatively but he treated the other non-minority employees differently.

46. Likewise, Ms. Brown complained to Defendant's HR department regarding racially insensitive comments and no actions were taken.

47. Defendants' comments and actions would be intimidating, hostile, or offensive to reasonable people.

48. Ms. Brown was required to endure Defendant's racist culture as a term and condition of her employment.

49. Ms. Brown suffered emotional distress due to the severe nature of the hostile work environment.

50. Defendant took no prompt remedial action to prevent Defendant's known racially insensitive conduct.

51. Defendant's actions were severe and pervasive.

52. Defendant's actions were willful and in a conscious disregard of the rights of Ms. Brown.

53. As a direct and proximate result of the discrimination, Ms. Brown has sustained, and will continue to sustain, economic, and emotional injuries.

54. Ms. Brown is entitled to all damages and injunctive relief permissible under Title VII.

55. As a result of Defendant's actions, Ms. Brown has been harmed.

## COUNT II
### SEX DISCRIMINATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

56. Ms. Brown restates and incorporates all paragraphs.

57. Title VII prohibits an employer from discriminating against an employee because of sex, which includes discrimination based on pregnancy.

58. Ms. Brown was pregnant at the time of her termination.

59. Ms. Brown was qualified for her position.

60. In fact, Defendant recognized Ms. Brown as one of its highest performing employees right before it terminated her.

61. On more than one occasion, Ms. Brown informed Defendant that she was pregnant and would need pregnancy leave.

62. Defendant terminated Ms. Brown because it learned she was pregnant.

63. Defendant's actions were willful and in a conscious disregard of the rights of Ms. Brown.

64. As a direct and proximate result of the discrimination, Ms. Brown has sustained, and will continue to sustain, economic, and emotional injuries.

65. Ms. Brown is entitled to all damages and injunctive relief permissible under Title VII.

66. As a result of Defendant's actions, Ms. Brown has been harmed.

## COUNT III
### RETALIATION UNDER TITLE VII

67. Ms. Brown restates and incorporates all paragraphs.

68. Ms. Brown was qualified for her position.

69. Ms. Brown made informal and formal complaints to Defendant's agents and employees opposing Defendants' unlawful discriminatory employment practices based on her race.

70. Ms. Brown reported Defendant's unlawful behavior to her supervisor and to Defendant's HR department and to Defendant's VP.

71. Ms. Brown's belief that Defendant's behavior constituted racial discrimination was reasonable and in good faith.

72. Defendant terminated Ms. Brown within weeks of informing it that she had consulted with an attorney regarding workplace discrimination and harassment.

73. As a result of Ms. Brown's complaints, Defendant's agents and employees took materially adverse actions against her, including, issuing disciplinary warnings, threats of termination, and reprimands by her supervisors.

74. Defendant's adverse actions constituted retaliatory workplace harassment.

75. Within weeks of complaining about racial discrimination, Defendant terminated Ms. Brown.

76. Ms. Brown was humiliated, economically damaged, and suffered emotional distress.

77. Defendant's actions were willful and in a conscious disregard of the rights of Ms. Brown.

78. As a direct and proximate result of the discrimination, Ms. Brown has sustained, and will continue to sustain, economic, and emotional injuries.

79. Ms. Brown is entitled to all damages and injunctive relief permissible under Title VII.

80. As a result of Defendant's actions, Ms. Brown has been harmed.

## COUNT IV
## FMLA Interference Under 29 U.S.C. §2615

81. Ms. Brown restates and incorporates all paragraphs.

82. Ms. Brown (at the time of delivery) was qualified for FMLA leave and Defendant is an employer covered by the FMLA's regulations.

83. Ms. Brown discovered she was pregnant and informed Defendant that she would need pregnancy leave.

84. Because of her pregnancy Ms. Brown would be temporarily unable to perform the functions of her job.

85. Ms. Brown's health conditions were serious and required time to regulate under her doctor's supervision.

86. Ms. Brown was qualified for FMLA leave at the time of delivery when she would need to use the FMLA leave.

87. However, by terminating Ms. Brown days after she requested FMLA leave, Defendant interfered with her attempt to exercise FMLA leave.

88. Defendant's actions were malicious and in a conscious disregard of the rights of Ms. Brown.

89. Ms. Brown suffered damages and will continue to suffer damages in the future because of Defendant's interference with her rights to take FMLA leave.

90. Ms. Brown is entitled to all damages and injunctive relief permissible under the FMLA.

## COUNT V
### RACIAL DISCRIMINATION UNDER KRS §344 ET SEQ.

91. Ms. Brown restates and incorporates all paragraphs.

92. Ms. Brown is an African American female.

93. Ms. Brown was at all times qualified for her position.

94. Defendant's conduct created a hostile work environment based on Ms. Brown's race.

95. In fact, Ms. Brown's manager would constantly berate her and treat her negatively but he treated the other non-minority employees differently.

96. Likewise, Ms. Brown complained to Defendant's HR department regarding racially insensitive comments and no actions were taken.

97. Defendants' comments and actions would be intimidating, hostile, or offensive to reasonable people.

98. Ms. Brown was required to endure Defendant's racist culture as a term and condition of her employment.

99. Ms. Brown suffered emotional distress due to the severe nature of the hostile work environment.

100. Defendant took no prompt remedial action to prevent Defendant's known racially insensitive conduct.

101. Defendant's actions were severe and pervasive.

102. Defendant's actions were willful and in a conscious disregard of the rights of Ms. Brown.

103. As a direct and proximate result of the discrimination, Ms. Brown has sustained, and will continue to sustain, economic, and emotional injuries.

104. Ms. Brown is entitled to all damages and injunctive relief permissible under Title VII.

105. As a result of Defendant's actions, Ms. Brown has been harmed.

## COUNT VI
### SEX DISCRIMINATION UNDER UNDER KRS §344 ET SEQ.

106. Ms. Brown restates and incorporates all paragraphs.

107. Title VII prohibits an employer from discriminating against an employee because of sex, which includes discrimination based on pregnancy.

108. Ms. Brown was pregnant at the time of her termination.

109. Ms. Brown was qualified for her position.

110. In fact, Defendant recognized Ms. Brown as one of its highest performing employees right before it terminated her.

111. On more than one occasion, Ms. Brown informed Defendant that she was pregnant and would need pregnancy leave.

112. Defendant terminated Ms. Brown because it learned she was pregnant.

113. Defendant's actions were willful and in a conscious disregard of the rights of Ms. Brown.

114. As a direct and proximate result of the discrimination, Ms. Brown has sustained, and will continue to sustain, economic, and emotional injuries.

115. Ms. Brown is entitled to all damages and injunctive relief permissible under Title VII.

116. As a result of Defendant's actions, Ms. Brown has been harmed.

## COUNT VII
### RETALIATION UNDER UNDER KRS §344 ET SEQ.

117. Ms. Brown restates and incorporates all paragraphs.

118. Ms. Brown was qualified for her position.

119. Ms. Brown made informal and formal complaints to Defendant's agents and employees opposing Defendants' unlawful discriminatory employment practices based on her race.

120. Ms. Brown reported Defendant's unlawful behavior to her supervisor and to Defendant's HR department and to Defendant's VP.

121. Ms. Brown's belief that Defendant's behavior constituted racial discrimination was reasonable and in good faith.

122. Defendant terminated Ms. Brown within weeks of informing it that she had consulted with an attorney regarding workplace discrimination and harassment.

123. As a result of Ms. Brown's complaints, Defendant's agents and employees took materially adverse actions against her, including, issuing disciplinary warnings, threats of termination, and reprimands by her supervisors.

124. Defendant's adverse actions constituted retaliatory workplace harassment.

125. Within weeks of complaining about racial discrimination, Defendant terminated Ms. Brown.

126. Ms. Brown was humiliated, economically damaged, and suffered emotional distress.

127. Defendant's actions were willful and in a conscious disregard of the rights of Ms. Brown.

128. As a direct and proximate result of the discrimination, Ms. Brown has sustained, and will continue to sustain, economic, and emotional injuries.

129. Ms. Brown is entitled to all damages and injunctive relief permissible under Title VII.

130. As a result of Defendant's actions, Ms. Brown has been harmed.

**WHEREFORE**, Ms. Brown respectfully requests that this Court find for her and award her the following:

  a. Compensatory damages;
  b. Reinstatement;
  c. Lost wages and all other compensation denied or lost to Plaintiff by reason of Defendant's unlawful actions;
  d. Statutory damages;
  e. Interest;
  f. Punitive damages;
  g. Attorney fees;
  h. Costs;
  i. Litigation expenses; and
  j. All other relief this Court deems proper.

Respectfully Submitted,

**/s/ Robert L. Thompson**
Robert L. Thompson (KY: 98791)
THOMPSON LEGAL LLC
10529 Timberwood Circle, Unit B
Louisville, Kentucky 40223
P: 502-366-2121
F: 502-438-9999
Robert@RthompsonLegal.com

## JURY DEMAND

Plaintiff demands a trial by jury on all triable issues.

**/s/ Robert L. Thompson**
Robert L. Thompson (0098126)